UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEBAUD LAFALAISE<br><br>                    Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, *et al*.,<br><br>                    Respondents. | Case No.:  26-cv-1184-JO-BLM<br><br><br>**ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS [DKT. 1]** |

For the reasons stated at Dkt. 5, the Court GRANTS the habeas petition [Dkt. 1] and ORDERS as follows:

1. Respondents have released Petitioner on March 2, 2026.  This release may not be revoked at the government's discretion without compliance with the following conditions.

2. Respondents are enjoined from redetaining Petitioner during the pendency of his removal proceedings without first providing a bond hearing before an immigration judge to justify the deprivation of his liberty interest.  At any such hearing, the government must carry its burden of demonstrating, by clear and

convincing evidence, that Petitioner poses a danger to the public or a flight risk that warrants his detention. *See Singh v. Holder*, 638 F.3d 1196, 1203–05 (9th Cir. 2011). Respondents shall not deny Petitioner bond on the basis that 8 U.S.C. § 1225(b) requires or authorizes mandatory detention. *See Pacheco v. LaRose*, No. 3:25-CV-2421-JO-AHG, 2026 WL 242300, *3–*5 (S.D. Cal. Jan. 29, 2026). The immigration judge must consider Petitioner's financial circumstances and alternatives to bond as necessary in setting conditions of release. *See Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

3. Respondents are enjoined from redetaining Petitioner **until 48 hours after** filing a declaration attesting to full compliance with these obligations.

4. The Clerk of the Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: March 16, 2026

_____
Honorable Jinsook Ohta
United States District Judge

2

26-cv-1184-JO-BLM